EDISON v. LUBIN.

(Circuit Court, E. D. Pennsylvania. January 13, 1903.)

No. 36.

1. COPYRIGHT—SUBJECT OF REGISTRY—SERIES OF PHOTOGRAPHS.
A series of photographs, arranged for use in a machine for producing a panoramic effect, are not entitled to registry and protection by copyright as a "photograph," under Rev. St. § 4952 [U. S. Comp. St. 1901, p. 3406].

In Equity. Suit for infringement of copyright.

Howard W. Hayes, for complainant.

Charles N. Butler, for respondent.

DALLAS, Circuit Judge. This case, having been set down for final hearing upon an agreed statement of facts, was, when reached, submitted upon the briefs of counsel, and is now for adjudication.

The question which is presented at the outset is, as I view it, a decisive one, and therefore no other need be considered. That question is: Is a series of photographs, arranged for use in a machine for producing them in panoramic effect, entitled to registry and protection as a photograph, under section 4952 of the Revised Statutes [U. S. Comp. St. 1901, p. 3406]? That section extended the copyright system to "any * * * photograph," but not to an aggregation of photographs; and I think that, to acquire the monoply it confers, it is requisite that every photograph, no matter how or for what purpose it may be conjoined with others, shall be separately registered, and that the prescribed notice of copyright shall be inscribed upon each of them. It may be true, as has been argued, that this construction of the section renders it unavailable for the protection of such a series of photographs as this; but if, for this reason, the law is defective, it should be altered by congress, not strained by the courts. I understand that when this act was passed these groups of consecutive photographs were, practically speaking, not in existence; and, in the absence of any expression of the will of congress which can be applied to them, I am not at liberty to conjecture what further provision, if any, would have been made, if their creation had been foreseen.

Even, however, if the section to which attention has thus far been confined would, when separately considered, bear the interpretation which the complainant seeks to have put upon it, the penal section of the same act would inhibit the acceptance of that interpretation. I do not question the correctness of the general proposition that the remedial sections of a statute may be liberally construed, although it contain penal provisions which must be construed strictly. But we are not now concerned with the acts to be done or the steps to be taken to fix or enforce a penalty. Precise adherence to provisions respecting such matters can, of course, be rigidly insisted upon, although as to the others the greatest liberality of construction be indulged; but

¶ 1. Matter subject to copyright, see note to Amberg File & Index Co. v. Shea, Smith & Co., 27 C. C. A. 248.

here the question is as to the thing in legislative contemplation, and, as that thing is designated in exactly the same way in both sections, it cannot be supposed that the one was intended to embrace any subject-matter to which the other could not be applied. It was the manifest purpose of congress to relate the grant of copyright and the liability to forfeiture to precisely the same production,—to make the right and the penalty for its invasion correspondent and correlative; and, therefore, as the words "any photograph," as they occur in the penal section, must be literally applied, they cannot, as they occur in the previous section, be so defined as to bring a series of photographs within their meaning.

The bill of complaint is dismissed, with costs.